IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JULIO E. LOZA § | |
| § | |
| VS. § | C.A. NO. 7:22-cv-10 |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY AS TRUSTEE § | |
| FOR MORGAN STANLEY ABS § | |
| CAPITOL 1 INC, TRUST 2005-HE7, § | |
| MORTGAGE PASS-THROUGH § | |
| CERTIFICATES, SERIES 2005-HE7 § | |
| SELECT PORTFOLIO SERVICES A/K/A § | |
| SELECT PORTFOLIO SERVICING, INC.; § | |
| POWER DEFAULT SERVICES, INC. § | |

## DEFENDANTS' NOTICE OF REMOVAL

Select Portfolio Servicing, Inc. ("**SPS**") and Deutsche Bank National Trust Company as Trustee, for Morgan Stanley ABS Capital 1 Inc. Trust 2005-HE7, Mortgage Pass-Through Certificates, Series 2005-HE7 ("**Trustee**") (collectively referred to herein as "**Defendants**") through undersigned counsel, hereby remove this case from the County Court at Law No. 1 of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.  Defendants deny the allegations of the Complaint and the damages contained therein, and file this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor in state or federal court.

**I.     INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION**

1.     Plaintiff, Julio E. Loza ("Plaintiff") commenced this action by filing a Petition, Cause No. CL-21-4279-A, in the County Court at Law No. 1 of Hidalgo County, Texas on December 30, 2021 (the "State Court Action").  See Exhibit C-1.  Plaintiff obtained an ex parte temporary restraining order in the State Court Action on December 30, 2021.  See Exhibit C-3.

Defendants filed an answer on January 6, 2022, in the State Court Action. See Exhibit C-12. This action is being removed less than 30 days following service of the Petition filed in the State Court Action and less than 30 days after Defendants appeared in the State Court Action. Accordingly, removal is timely under 28 U.S.C. §1446(b).[1]

## II. PLEADINGS AND NOTICE TO STATE COURT

2. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[2] Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction. This Court also has jurisdiction over this matter based on Federal Question jurisdiction as established below.

---

[1] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).
[2] 28 U.S.C. § 1332(a)(1).

## IV.  DIVERSITY JURISDICTION

### A.  Citizenship of the Parties

4. This civil action involves a controversy between citizens of different states. Plaintiff is a citizen of the State of Texas for diversity purposes as he resides in and is domiciled in Texas.[3]

5. Defendant, Trustee is not a citizen of Texas. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[4]

6. Deutsche Bank National Trust Company is now and was at the commencement of this action and all intervening times, a national banking association that has its principal office in California, as stated in its charter. Therefore, as a national banking association organized under the laws of the United States, Deutsche Bank and thus Trustee are citizens of California for diversity purposes.[5]

7. Defendant, Select Portfolio Servicing, Inc., is a Utah Corporation and is not a citizen of Texas for diversity purposes. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[6] Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah. SPS is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

8. Power Default Services, Inc. ("Power Default") is a corporation and is not a citizen of Texas for diversity purposes. A corporation is deemed to be a citizen of (1) every

---

[3] See Plaintiff's Original Petition (the "Complaint") at ¶ 2.01.
[4] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L.Ed.2d 425 (1980).
[5] 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).
[6] 28 U.S.C. §1332(c)(1).

state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[7] Power Default is incorporated in Delaware and its principle place of business is located in Atlanta, Georgia. Power Default is therefore a citizen of Delaware and Georgia for diversity purposes. Additionally, there are no factual allegations or causes of action alleged against Power Default, and Power Default has been improperly joined such that its citizenship is irrelevant for purposes of diversity jurisdiction.[8]

9. Since Plaintiff is a citizen of Texas and Defendants are citizens of states other than Texas, complete diversity of citizenship exists.[9]

### B. Amount in Controversy

10. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[10] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[11]

11. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[12] If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence

---

[7] 28 U.S.C. §1332(c)(1).
[8] See Complaint generally; *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir. 2004) (explaining the standard for improper joinder); S*chmelzer v. Nationstar Mortg., LLC*, No. 4:16-CV-389, 2016 WL 4368735, *1 (E.D. Tex. August 16, 2016); *Byrd v. Lakeview Loan Servicing, LLC*, 1:17-CV-620-LY-ML, 2018 WL 1858235, at *3 (W.D. Tex. Jan, 11, 2018) holding that non-parties to the subject contract in a breach of contract suit were improperly joined by the plaintiff for diversity jurisdiction purposes because there were no possible legally viable claims asserted against them).
[9] *See* 28 U.S.C. § 1332(c)(1).
[10] *See* 28 U.S.C. § 1441(a).
[11] *See* 28 U.S.C. § 1332(a).
[12] *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).

that the amount in controversy requirement is satisfied.[13]  The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[14]

12.  Plaintiff has challenged Trustee's right to foreclose on property located at 7333 N. 5th Street, McAllen, Texas 78504 (the "Property"), and the value of the Property exceeds $75,000.00.[15]  In his Complaint, Plaintiff seeks injunctive relief seeking to preclude foreclosure by Trustee.[16]

13.  The value of the Property according to the Hidalgo County Appraisal District for 2021 is no less than $495,532.00.  See Exhibit D.

14.  Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[17]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[18]  Plaintiff seeks relief which if successful would preclude enforcement of the contractual loan obligations and the mortgagee's right to foreclose on and take possession of the Property.

15.  "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[19]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected

---

[13] *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[14] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).
[15] See Complaint at XVI and Prayer.
[16] *Id.*
[17] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[18] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[19] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

20060161.20220105/4246861.1

or the extent of the injury to be prevented."[20] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[21] The value of the subject property in this instance for diversity purposes is no less than $495,532.00, per the records of the Hidalgo County Appraisal District for 2021. See Exhibit D. The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## V. CONSENT TO REMOVAL

16. Consent to the removal is not required from nominal parties or improperly joined parties such as Power Default; therefore, its consent to removal is not required.[22] Additionally, no known service has been accomplished as to Power Default, therefore the consent of the non-removing defendant is not required for this additional reason.[23]

## VI. JURY DEMAND

17. Plaintiff has made no known jury demand in the State Court Action.

---

[20] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[21] See *Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).
[22] F*arias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.), cert. denied, 112 S. Ct. 193 (1991) (unanimity requirement for removal does not apply to nominal parties or parties that have been improperly joined).
[23] See *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992; 28 U.S.C. § 1446(b)(2)(A).

20060161.20220105/4246861.1

## VII.   CONCLUSION

18.   For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Southern District of Texas, McAllen Division.

> Respectfully submitted,
>
> By: /s/ Michael F. Hord Jr.
> Michael F. Hord Jr.
> State Bar No. 00784294
> Federal I.D. No. 16035
> Eric C. Mettenbrink
> State Bar No. 24043819
> Federal I.D. No. 569887
> HIRSCH & WESTHEIMER, P.C.
> 1415 Louisiana, 36th Floor
> Houston, Texas 77002-2772
> 713-220-9182 Telephone
> 713-223-9319 Facsimile
> Email: mhord@hirschwest.com
> Email: emettenbrink@hirschwest.com
> **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2022, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

> James M. Sahadi
> Sahadi Law
> P.O. Box 720252
> McAllen, Texas 78504
> Tel: 956/287-3156
> jms@sahadilaw.com
> **Via Email and ECF**
>
> /s/ Michael F. Hord Jr.
> Michael F. Hord Jr.

20060161.20220105/4246861.1