IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JULIO E. LOZA | § | |
| | § | |
| VS. | § | C.A. NO. 7:22-cv-10 |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY AS TRUSTEE | § | |
| FOR MORGAN STANLEY ABS | § | |
| CAPITOL 1 INC, TRUST 2005-HE7, | § | |
| MORTGAGE PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2005-HE7 | § | |
| SELECT PORTFOLIO SERVICES A/K/A | § | |
| SELECT PORTFOLIO SERVICING, INC.; | § | |
| POWER DEFAULT SERVICES, INC. | § | |

**PLAINTIFF JULIO LOZA'S <u>EMERGENCY</u> APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JULIO E. LOZA Plaintiff in the above styled and numbered cause and respectfully requests that this Court issue a temporary restraining order and a temporary injunction against Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITOL INC. TRUST 2005-HE7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE7; SELECT PORTFOLIO SERVICES A/K/A SELECT PORTFOLIO SERVICING, INC.; POWER DEFAULT SERVICES, INC. to prevent imminent and irreparable harm, loss, or damage to Plaintiff, and would show unto this Court the following:

**I.**

**FACTS**

1.     Plaintiff is an individual residing in Hidalgo County, Texas.  Plaintiff owns real estate that constitutes part of Plaintiff's urban homestead with legal description of:

Lot 24, Trenton Village Subdivision, an Addition to the City of

McAllen, Hidalgo County, Texas according to Map thereof recorded in Volume 36, Page 41B, Map Records, Hidalgo County, Texas to which reference is hereby made for all pertinent purposes; and bearing address of 7333 N. 5th St.; McAllen, Texas 78504.

2.      Defendants seek to foreclose on Plaintiff's real property due to alleged debt of mortgage fees and penalties.

3.      Foreclosure sale of this property was initially scheduled for January 4, 2022.

4.      As a result, on or about December 30, 2021, Plaintiff filed his Original Petition and Request for Emergency Injunctive Relief.  Therein, Plaintiff brings causes of action including negligent misrepresentation, and breach of the Texas Deceptive Trade Practices Act.

5.      Injunctive relief was granted by the state court, and the Temporary Restraining Order was signed.  In addition, bond was posted.

6.      On or about January 7, 2022, Defendants filed their Notice of Removal to federal court.

7.      Most recently, and in spite of the pending litigation regarding the aforementioned subject property, Defendants inexplicably filed their Notice of Substitute Trustee Sale for Tuesday, March 1, 2022 (Please see Exhibit "D" attached hereto and incorporated by reference as if fully set forth herein).

8.      Defendants was in contact with Plaintiff with regard to a loan modification.  Defendants' attempted foreclosure is wrongful as Defendants have made false representations during the course of these communications for a loan modification.

9.      Further, Plaintiff was not notified that a loan modification had been approved until Plaintiff received notification of cancellation, with the approved loan modification purportedly previously sent to Plaintiff by Defendants, attached thereto.  This was first time that Plaintiff saw said document.

10.     Thus, Defendants have failed to provide Plaintiff with information and/or documentation

2

for his application for relief as promised.

## II.

## GROUNDS FOR INJUNCTIVE RELIEF

11.     Plaintiff realleges and incorporates by reference as if fully set forth herein the

aforementioned allegations as well as allegations contained within Plaintiff's live pleading.

12.     The affidavit of Plaintiff JULIO LOZA is attached hereto as Exhibit "B" and

incorporated by reference as if fully set forth herein.

13.     Temporary injunctive relief is authorized under Federal Rule of Civil Procedure 65, and

Texas Civil Practice and Remedies Code §65.011.

14.     Plaintiff seeks a temporary restraining order for the purpose of "preserving the status quo

and preventing [the] irreparable harm" that will occur if Defendants are allowed to conduct the

sale of Plaintiff's homestead.  *Granny Good Food, Inc. v. Bhd. Of Teamsters & Auto Truck*

*Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

15.     Plaintiff is entitled to the injunctive relief requested.  Plaintiff seeks the restraint of the

sale of Plaintiff's homestead by Defendant.  *See* TEX. CIV. PRAC. & REM. CODE §65.011(1).

16.     Specifically, Plaintiff seeks to restrain the Defendants from the following:

        1)      Conducting the foreclosure sale on Plaintiff's property;

        2)      Taking any action to conduct the trustee's sale or foreclosure sale on Plaintiff's
                property;

        3)      Taking any action to remove the Plaintiff from his property.

17.     To merit such relief, Plaintiff, as the moving party, must show:  (1) a substantial

likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will

result in irreparable injury to the moving party; 3) the threatened injury outweighs any damages

that injunction may cause Defendant[s]; and (4) the injunction is in the public interest.  *See*

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014).

3

18.     "None of [these] four requirements has a fixed quantitative value." *Monumental Task*

*Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 582 (E.D. La. 2016)(citing *Texas v. Seatrain Int'l,*

*S.A.*, 518 F.2d 175, 180 (5th Cir. 1975).  Instead, "sliding scale is utilized, which takes into

account the intensity of each in a given calculus." *Id.*  Thus in applying the four-part test, the

Court must conduct "a delicate balancing," which weighs the "probabilities of ultimate success at

final hearing with the consequences of immediate irreparable injury that possibly could flow

from the denial of preliminary relief."  *Id.*  Ultimately, whether to grant a request for a temporary

restraining order "is left to the sound discretion" of the Court.  *Nianga v. Wolfe*, 435 F. Supp. 3d

739, 743 (N.D. Tex. 2020).

**[A]      SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS**

19.     Plaintiff's claims are well grounded in Texas case and statutory law to include negligent

misrepresentation, and breach of the Texas Deceptive Trade Practices Act.

**[B]      PROBABLE, IMMINENT, AND IRREPARABLE HARM, LOSS, OR DAMAGE**

19.     The sale of Plaintiff's property is set to occur at 10:00 a.m. on Tuesday, March 1, 2022,

Plaintiff will be irreparably harmed unless the Court intervenes to enjoin the foreclosure sale

because the loss of his unique real estate would leave Plaintiff without his homestead, depriving him

of the use and enjoyment of this property.

20.     Further, Defendants' sale of Plaintiff's homestead would place a cloud on the title to the

real property against a party having no interest in the property made the subject of this suit.  *See*

TEX. CIV. PRAC. & REM. CODE §65.011(2).

21.     Moreover, Defendants' threatened acts, described more fully above, directly relate to the

subject of this litigation, and if allowed to occur would render a judgment in this litigation

against Defendants ineffectual.  *See* TEX. CIV. PRAC. & REM. CODE §65.011(2).

22.     In addition, Plaintiff will lose the right to sell or mortgage the property at some future

4

date and will not obtain full benefit of the appreciated value.

23.     Accordingly, Plaintiffs respectfully request that the Emergency Temporary Restraining

Order issue without notice.

**[C]     THREAT OF INJURY TO PLAINTIFF OUTWEIGHS ANY DAMAGES THAT INJUNCTION MAY CAUSE DEFENDANTS**

24.     Plaintiff will be irreparably harmed unless the Court intervenes to enjoin the foreclosure

sale.  This injury is vastly greater than any damage that an injunction may cause Defendants, as

Plaintiff would be deprived of his homestead.

**[D]     INJUNCTION IS IN THE PUBLIC INTEREST**

25.     Plaintiff is entitled to an injunction under the principles of equity as the subject property

constitutes Plaintiff's homestead.  *See* TEX. CIV. PRAC. & REM. CODE §65.011(3).

**III.**

**NO ADEQUATE REMEDY AT LAW**

26.     Plaintiff will show that there is no adequate remedy at law that is clear and adequate to

protect his property interest against such wrongful foreclosure.  This request for emergency

injunctive relief is so that justice may be done, not for delay.

27.     Any damages that may be awarded to Plaintiff at trial of this case will come too late to

save the Plaintiff's homestead from sale to third party.  The real estate and improvements in

question are unique, and no amount of money could compensate Plaintiff for the loss of his

homestead.

28.     Plaintiff stands to lose the real estate to foreclosure sale.  Plaintiff will be irreparably

harmed unless the Court intervenes to enjoin the foreclosure sale because the loss of his unique

real estate would leave Plaintiff without the homestead.

29.     If allowed, Defendants' threatened acts would render a judgment in this litigation against

Defendants ineffectual.  *See* TEX. CIV. PRAC. & REM. CODE §65.011(2).

5

## IV.
## ATTORNEY CERTIFICATION OF NOTICE

30.     The undersigned counsel has given notice of the present application for injunctive relief as indicated in the attached certificate of service.

31.     In addition, and prior to the present application, the undersigned counsel spoke with Defense Counsel Michael Hord with regard to postponement of the pending foreclosure, which was declined.

## V.
## REQUEST FOR HEARING

32.     Plaintiff requests that his request for temporary restraining order be granted, that the Court set this application for temporary restraining order and temporary injunction for hearing, and after hearing the application, issue a temporary injunction against Defendants enjoining Defendants from the sale of Plaintiff's homestead.

## VI.
## BOND

33.     Plaintiff is willing and able to post a bond in a reasonable amount to be set by this Court.

WHEREFORE PREMISES CONSIDERED Plaintiff JULIO LOZA requests:

1)     A temporary restraining order be issued <u>without notice</u> to the Defendants, restraining Defendants, their attorneys, trustees, substitute trustees, agents, servants, representatives, assignees, substitutes, and employees from:

    a)     conducting a trustee's sale or foreclosure sale on the Plaintiff's real estate and improvements;

    b)     taking any action to conduct a trustee's sale of foreclosure sale on Plaintiff's real estate and improvements; and

    c)     taking any action to remove Plaintiff from Plaintiff's real estate and improvements.

20060161.20220105/4258544.1

2)      Defendants be cited to appear and show cause and that on such hearing, a temporary

injunction be issued, enjoining Defendants, their attorneys, trustees, substitute trustees, agents,

servants, representatives, assignees, substitutes, and employees from:

    a)      conducting a trustee's sale or foreclosure sale on the Plaintiff's real estate
        and improvements;

    b)      taking any action to conduct a trustee's sale of foreclosure sale on Plaintiff's
        real estate and improvements; and

    c)      taking any action to remove Plaintiff from Plaintiff's real estate and
        improvements.

3)      A permanent injunction be ordered on final trial of this cause, enjoining Defendants,

their attorneys, trustees, substitute trustees, agents, servants, representatives, assignees, substitutes,

and employees from:

    a)      conducting a trustee's sale or foreclosure sale on the Plaintiff's real estate
        and improvements;

    b)      taking any action to conduct a trustee's sale of foreclosure sale on Plaintiff's
        real estate and improvements; and

    c)      taking any action to remove Plaintiff from Plaintiff's real estate and
        improvements.

4)      All other relief to which Plaintiff may be justly entitled.


Dated this 28th day of February 2022.

        Respectfully submitted,
        **SAHADILAW**
        P.O. Box 720252
        McAllen, Texas 78504
        Tel:  956/287-3156
        jms@sahadilaw.com

        /s/ James M. Sahadi
        JAMES M. SAHADI
        State Bar No. 24025941
        COUNSEL FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing instrument was served upon counsel of record via e-file service and/or e-mail on this the <u>28th</u> day of <u>February</u> 2022.

Michael F. Hord, Jr.
Eric C. Mettenbrink
**HIRSCH & WESTHEIMER, P.C.**
1415 Louisiana, 36th Floor
Houston, Texas 77002
Tel:  713/220-9182
Fax:  713/223-9319
mhord@hirschwest.com
emettenbrink@hirschwest.com
COUNSEL FOR DEFENDANTS

/s/ James M. Sahadi
JAMES M. SAHADI

8