IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JULIO E. LOZA | § | |
| | § | |
| VS. | § | |
| | § | C.A. NO. 7:22-cv-00010 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITOL 1 INC. TRUST 2005-HE7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE7; SELECT PORTFOLIO SERVICES A/K/A SELECT PORTFOLIO SERVICING, INC.; POWER DEFAULT SERVICES, INC. | § | |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER

Defendants Select Portfolio Servicing, Inc. ("**SPS**") and Deutsche Bank National Trust Company as Trustee, for Morgan Stanley ABS Capital 1 Inc. Trust 2005-HE7, Mortgage Pass-Through Certificates, Series 2005-HE7 ("**Trustee**") (collectively referred to herein as "**Defendants**") files this Brief in Opposition to Plaintiff's Request for Temporary Restraining Order and would respectfully show as follows.

### INTRODUCTION

1. This case pertains to a residential mortgage with a long history of payment defaults. Julio E. Loza ("**Borrower**") is currently past due for the July 1, 2010 payment and all subsequent payments and purportedly does not dispute that fact, nor does he offer to tender payment of the past due amounts. Instead, this action is a continuation of a series of stall tactics, including prior litigation that has been going on for years. Notably, this action was filed after two prior lawsuits filed by Plaintiff regarding the same mortgage against Defendant ended in

Judgments in Defendant's favor.[1]   In fact Plaintiff has already filed a new lawsuit against Defendants relating to the same loan while this lawsuit is pending in another improper attempt to delay foreclosure while this Court had and has jurisdiction over these matters.[2]

2. Plaintiff does not dispute his mortgage defaults or that the proper foreclosure notice has been provided.  Instead, he claims he was promised a loan modification agreement that Defendants have no legal duty to provide him, that has not been produced by Plaintiff, and the terms of which have not been described by Plaintiff.

3. In his Complaint, Plaintiff attempts to include claims for negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act ("**DTPA**") and a request for injunctive relief.[3]

4. Plaintiff filed his Original Petition in State Court on December 30, 2021 and somehow obtained an ex parte temporary restraining order.[4]

5. Defendants filed their Answer in State Court on January 6, 2022 and removed this action to this Court based on Diversity Jurisdiction.[5]

6. The only causes of action asserted by Plaintiff are legally unavailable claims for negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act, and a request for injunctive relief.  As will be shown, Plaintiff cannot prevail on his claims because he has not alleged facts sufficient to support a negligent misrepresentation or DTPA claim and any pleading amendment would be futile because any negligent misrepresentation claim would be precluded by the statute of frauds and economic loss rule since the relationship at issue is governed by

---

[1] See C.A. 7:15-CV-286 filed in the Southern District of Texas (McAllen) (Judge Alvarez) which resulted in judgment in favor of Defendant on January 11, 2016 and C.A.7:17-cv-00430 in the Southern District of Texas (McAllen) (Judge Crane) which resulted in judgment in favor of Defendant on July 2019.
[2] See C.A. 7:22-cv-00065 filed in Southern District of Texas (McAllen) (Judge Hinojosa).
[3] See Dkt. 1-4- ("Complaint")
[4] See Dkt Nos. 1-4 and 1-6.
[5] See Dkt. Nos. 1-15-Answer and 1-Notice of Removal.

written loan documents. The DTPA claim fails regardless of how it is alleged because Plaintiff cannot be "consumer" under the DTPA.

7. Plaintiff's request for injunctive relief fails because he has not included any legally viable claim sufficient to establish a probable right of recovery as necessary to support injunctive relief. Additionally, Plaintiff cannot show he has no adequate remedy at law and offers no reasonable bond amount to protect Defendants from his continued stall tactics on a loan on which he has made no payments for over 10 years. As will be shown, Plaintiff's request for injunctive relief should be denied.

## FACTUAL BACKGROUND

8. On or about August 3, 2005, Borrower executed a $416,800.00 Note (the "Note") in favor of original lender WMC Mortgage Corporation and its assigns.

9. On the same date, Borrower executed a Deed of Trust ("**Deed of Trust**") that was recorded in the real property records of Hidalgo County, Texas as Instrument No. 2005- 1510006 secured by property located at North 5th Street, McAllen, Texas 78504 as more particularly described in the Deed of Trust (the "**Property**"). The Note and Deed of Trust shall be referred to herein as the "**Loan**".

10. By virtue of one or more Assignments of Deed of Trust recorded in the real property records of Hidalgo County, Texas Trustee became the current mortgagee under the Loan. SPS is the mortgage servicer for Trustee for the subject loan.

11. Plaintiff is currently past due for the July 1, 2010 mortgage payment and all subsequent payments due under the Loan and owes hundreds of thousands of dollars in past due mortgage payments while he continues to reside in the Property while making no payments. All

notices required for foreclosure have been provided. Plaintiff does not dispute his mortgage defaults or that he received all notices required prior to foreclosure.

## ARGUMENT AND AUTHORITIES

### A. Requirements for Injunctive Relief.

12. Plaintiff has not and cannot come forward with evidence establishing a probable right of recovery as required to obtain injunctive relief.

13. The criteria for determining whether injunctive relief will be granted are set out in *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567 (5th Cir. 1974). *Callaway* established that the following requirements must be shown before a party will be entitled to preliminary injunctive relief:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Id.* at 572. A preliminary injunction is an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four *Callaway* prerequisites. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule.[6]

14. Since a temporary restraining order or a preliminary injunction is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements.[7]

15. An injury is "irreparable" only if it cannot be undone through monetary remedies.[8]

---

[6] *State of Texas v. Seatrain International, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975); *Callaway,* 489 F.2d at 576.
[7] *United States v. Jefferson County,* 720 F.2d 1511, 1519 (5th Cir. 1983). In other words, the movant has a cumulative burden to prove each of the four enumerated elements. *Mississippi Power & Light Co.*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark v. Prichard,* 812 F.2d at 993.

4

B.     **Plaintiff Cannot Show a Probable Right of Recovery.**

16.    Here, Plaintiff cannot prove the requisite elements required to establish injunctive relief. Specifically, as shown below Plaintiff cannot establish a probable right of recovery on any claims alleged and Plaintiff's request for injunctive relief should be denied on this basis alone.

i.     **Plaintiff's Negligent Misrepresentation Claim Fails.**

17.    Plaintiff's negligent misrepresentation claim is not supported by factual allegations establishing the essential elements of such a claim. Plaintiff's formulaic recitation of the elements of such a claim is insufficient to state a claim. For example, Plaintiff fails to alleged the nature of the alleged representations, who made the representations, when they were made how they were made or any information that would allow Defendants to defend against the claim. Additionally, even if more details were provided, Plaintiff's negligent misrepresentation claim would fail as a matter of law.

18.    Plaintiff's only factual allegations are that "Defendants wrongfully seek foreclose [sic] on Plaintiffs' [sic] in that Defendant Portfolio [sic] has made false representations inducing him to incur the debts actually owed."[9] Plaintiff also alleges that, "Plaintiff was not notified that a loan modification had been approved until Plaintiff received notification of cancellation, with the approved loan modification attached thereto."[10] Plaintiff fails to include sufficient facts to state a negligent misrepresentation claim and the claim fails due to a lack of particularity of the Pleadings.

19.    Additionally, the pleading defect cannot be cured because there is no set of facts

---

[8]  *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) citing *Spiegel v. City of Houston*, 636 F.2d 997 (5th Cir. 1981); *Parker v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975).
[9]  See Complaint at ¶ 6.04
[10] See Complaint at ¶ 6.05

on which Plaintiff could prevail on his negligent misrepresentation claim. In Texas, the elements of negligent misrepresentation are: the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation.[11]

20. When tort claims have their nucleus in an alleged oral contract which is unenforceable under the statute of frauds, the statute of frauds bars the tort claim.[12]

21. Ignoring Plaintiff's uncontested loan defaults and Defendants' denial of the accuracy of Plaintiff's allegations for purposes of argument, he alleges negligent misrepresentation, but states no specific conduct giving rise to such a claim other than that he was promised a loan modification agreement.

22. However, by necessity the subject matter of any potential negligent misrepresentation claim of this nature must be related to the loan itself based on the current pleadings and the loan transaction is governed entirely by written loan documents.[13]

23. If an agreement falls within the statute of frauds, then any modification materially affecting the character or value of the agreement also falls within the statute of frauds.[14] A

---

[11] *Biggers v. BAC Home Loans Servicing, LP,* 767 F. Supp. 2d 725, 734 (N.D. Tex. 2011) citing *Fed. Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991).

[12] See *Foster v. Bank One Texas NA*, 54 Fed. Appx., 592, *3 (5th Cir. 2002) citing *Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 169 (Tex. App.-Austin 1996, no pet.); *Collins v. Allied Pharmacy Management*, Inc., 871 S.W. 929, 936 (Tex. App.-Houston [14th] 1994, no writ).

[13] See Tex. Bus. & Com. Code § 26.02 (Vernon 2009); *see Fed. Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex.1991) (explaining that any contract subject to the statute of frauds that is not in writing is unenforceable under Texas law).

[14] *Garcia v. Karam,* 276 S.W.2d 255, 256-58 (Tex.1955); *see also Am. Garment Properties, Inc. v. CB Richard Ellis, L.L.C.,* 155 S.W.3d 431, 435 (Tex. App.-El Paso 2004, no pet.).

20060161.20220105/4279447.1

negligent misrepresentation claim "may not be used to circumvent the Statute of Frauds."[15] "[A]n indirect attempt to recover for the breach of an unenforceable promise is barred by the Statute of Frauds."[16] There can be no good faith dispute regarding the fact that both the original loan agreement and any alleged promises relating to the loan are subject to the statute of frauds.[17]

24. Although his pleadings are deficient, it is clear that any cause of action based on alleged oral representations pertaining to the loan, loan modification, or foreclosure are outside the written loan documents and are precluded by the Statute of Frauds. Both contract and tort claims premised on oral promises not to foreclose have been held to be precluded by the statute of frauds.[18]

25. Further, promises of future conduct cannot form the basis of a legally viable negligent misrepresentation claim. "Under Texas law, promises of future conduct will not support a negligent-misrepresentation claim."[19]

26. Additionally, Plaintiff's negligent misrepresentation claim, as well as any attempted tort claim, also fails based on the "economic loss rule". Under Texas law, when "the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone."[20] Tort damages, thus, are generally not recoverable if the defendant's conduct "would

---

[15] *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 837 (5th Cir. 2014) citing *Lam v. Nguyen,* 335 S.W.3d 786, 790 (Tex. App.-Dallas 2011).
[16] *Id.* (citation omitted).
[17] *Fankhouser v. Fannie Mae*, 2011 WL 1630193 at *4 (E.D. Tex. 2011) citing *Deuley v. Chase Home Fin. LLC*, 2006 WL 1155230, at *2 (S.D. Tex., 2006); see also *Am. Garment Prop. Inc. v. CB Richard Ellis-El Paso, L.L.C.*, 155 S.W.3d 431, 435 (Tex. App.-El Paso 2004, no pet.).
[18] *Scott v. Bank of America, N.A.*, 597 F. App'x 223, 225 (5th Cir. 2014); *Milton v. U.S. Bank National Association*, 508 F. App'x 326, 328-29 (5th Cir. 2013); *Farshchi v. Wells Fargo Bank, N.A.*, No. CV H-15-1692, 2016 WL 2858903, at *3 (S.D. Tex. May 13, 2016) (alleged agreements to delay foreclosure are governed by the statute of frauds and contract and fraud claims based on same are precluded as a matter of law).
[19] *Bassknight v. Deutsche Bank National Trust Co.*, 611 F. App'x 222, 224 (5th Cir. 2015) (holding that "Lenders' promise not to foreclose for thirty days was a promise regarding future conduct.").
[20] *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986).

give rise to liability only because it breaches the parties' agreement."[21] Plaintiff's allegations in support of his fraud claim all relate to the loan at issue and the rights and obligations for same are governed by the applicable loan documents. As such any negligent misrepresentation claim based on an alleged promise by Defendants to delay or forego its contractual rights would also be precluded by the economic loss rule, which precludes any claim based on alleged promises of a loan modification agreement or any other promise not contained in the written loan documents.

27. Finally, Plaintiff has not and cannot plead facts sufficient to establish detrimental reliance or damages supporting any negligent misrepresentation claim. Because Plaintiff obtained an ex parte temporary restraining order based on legally flawed premises, no foreclosure sale has occurred or is alleged to have occurred. Accordingly, Plaintiff has not and cannot allege facts supporting the essential element of damages to support any claim as he continues to reside in the real property collateral without making any loan payments. Plaintiff's negligent misrepresentation claim fails on multiple and alternative grounds, any pleading amendment would be futile, and Plaintiff's negligent misrepresentation claim should be immediately dismissed.

      ii.    **Plaintiff Has not and Cannot Allege Facts that could Support a claim against Defendants under the DTPA.**

28. Plaintiff has referenced alleged but unspecified violations of the Texas Deceptive Trade Practices Act ("DTPA") in his Complaint.[22] Although Plaintiff does not otherwise allege facts that could legally support a claim under the DTPA against Defendants, Plaintiff cannot prevail on a DTPA claim regardless of how such claims are alleged because Plaintiff is not a

---

[21] *Sw. Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex.1991).
[22] See Complaint ¶¶ 9.01-9.03.

"consumer" under the DTPA. To have standing to sue under the DTPA, a plaintiff must demonstrate he or she was a "consumer."[23]

29. The DTPA defines a consumer as an individual "who seeks or acquires by purchase or lease, any goods or services."[24] To qualify as a consumer, a plaintiff (1) must seek or acquire goods or services by purchase or lease, and (2) the goods or services purchased or leased must form the basis of the complaint.[25]

30. It is black-letter law in Texas that "a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service."[26] This is true even if the loan is incidental to the purchase of a tangible good (such as a house); to qualify as a consumer, the complaint must be about that tangible good, not the loan.[27]

31. A pure loan transaction lies outside the DTPA based on the logic that money is neither a good nor a service.[28] A plaintiff complaining about alleged improprieties relating to her mortgage is not a consumer under the DTPA.[29]

---

[23] See *Cook-Pizzi v. Van Waters & Rogers, Inc.,* 94 S.W.3d 636, 644 (Tex. App.-Amarillo 2002, writ denied); *Rayford v. Maselli,* 73 S.W.3d 410, 411 (Tex. App.-Houston [1st Dist.] 2002, no writ); *Bohls v. Oakes,* 75 S.W.3d 473, 478 (Tex. App.-San Antonio 2002, writ denied).
[24] See Tex. Bus. & Com. Code § 17.45(4) (West).
[25] See *Sherman Simon Enterprises, Inc. v. Lorac Serv. Corp.,* 724 S.W.2d 13, 14 (Tex. 1987); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983).
[26] *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159-160 (Tex. App.-Fort Worth 2007, pet. denied) (citation omitted).
[27] See *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707-08 (Tex. 1983).
[28] See *Riverside Nat. Bank v. Lewis,* 603 S.W.2d 169 (Tex. 1980).
[29] See *Custer v. Wells Fargo Bank, N.A.*, A-12-CV-056, 2013 WL 1926412, *9 (W.D. Tex. April 1, 2013) adopted 1:12-CV-056, 2013 WL 1932124 (W.D. Tex. May 3, 2013) aff'd, 559 F. App'x 314 (5th Cir. 2014) citing *Preston v. Seterus, Inc.,* 931 F. Supp.2d 743 (N.D. Tex. 2013) (dismissing DTPA claim because any claim arose out of home mortgage loan, servicing of loan, or requested modification of home loan and did not involve purchase or lease of goods or services); *Gamez v. Wells Fargo Bank, N.A.*, 4:11-CV-919, 2013 WL 960464, *5 (S.D. Tex. Mar. 12, 2013) (claim based on improprieties in loan modification services fails as such actions do not satisfy the goods or service element of DTPA); *Murphy v. Wells Fargo Bank, N.A.,* 14-11-00560-CV, 2013 WL 510129, at *7 (Tex. App.-Houston [14th Dist.] Feb. 12, 2013), review granted (June 20, 2014) (trial court did not err in granting summary judgment on DTPA cause of action based on alleged improprieties in failed refinancing of home mortgage and subsequent foreclosure).

32. Plaintiff's DTPA claim also fails because he has not alleged facts that could constitute a DTPA violation by Defendants or any recognizable damages caused by any alleged DTPA violations by Defendants. Accordingly, Plaintiff's DTPA claim fail based on the pleadings and any pleading amendment would be futile because Plaintiff is not a "consumer" under the DTPA.

### C. Plaintiff Otherwise has an Adequate Remedy at Law.

33. Plaintiff cannot otherwise show a right to injunctive relief because he has an adequate remedy at law, namely a wrongful foreclosure action, if he can meet his burden of proof regarding same. In this same context, courts have held that a borrower in default is not entitled to injunctive relief to stop a foreclosure same because he has an adequate remedy at law, namely Plaintiff may pursue a wrongful foreclosure lawsuit for money damages following the sale if he has the grounds to do so.[30] Accordingly, Plaintiff has not and cannot show that he has no adequate remedy at law as required to support a claim for injunctive relief.

### D. Although Plaintiff is Not Entitled to Injunctive Relief, even if he were, the Bond Amount should be substantial given the extensive mortgage defaults and Plaintiff's history of delay tactics.

34. Rule 65(c) of the Federal Rules of Civil Procedure provides as follows:

> **(c) Security. The Court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been improperly enjoined or restrained.**

FED. R. CIV. P. 65 (c). Plaintiff does not dispute that he received the loan proceeds or that the loan is past due for the July 1, 2010 payment and all subsequent payments due under the Loan. Plaintiff has not offered to pay his mortgage arrearages or any other reasonable amount to satisfy this requirement. Plaintiff has a long history of taking ex parte temporary restraining orders in

---

[30] *See Schaffer v. Bank of New York Mellon*, 4:16CV47, 2016 WL 9175874, at *2 (E.D. Tex. Feb. 2, 2016); *Calhoun v. Stearns Lending, LLC*, No. 4:19-cv-55, 2019 WL 1232862, at *5 (E.D. Tex. Feb. 1, 2019).

lawsuits that have no merit. Although no right to injunctive relief has been established, without adequate security the Court should not impose the requested injunctive relief in the context of a scheduled foreclosure sale.[31]

## CONCLUSION

35. Plaintiff has not and cannot show a probable right of recovery on any claim asserted and therefore his claim for injunctive relief fails on that basis. Plaintiff has not and cannot show that he has no adequate remedy at law and his claim for injunctive relief fails for that additional reason. Finally, Plaintiff has not offered to pay or shown an ability to pay his past due mortgage payments or any mortgage payments. However, if the Court somehow determines that Plaintiff is entitled to injunctive relief, the bond amount must be substantial to protect Defendants from the continued stall tactics of Plaintiff regarding a loan that is has been past due for over 10 years, while Plaintiff continues to reside in the subject collateral only as a result of past and current litigation tactics.

WHEREFORE PREMISES CONSIDERED, Defendants respectfully request that Plaintiff's Request for Temporary Restraining Order be denied and for such other relief to which Defendants may show themselves to be entitled.

---

[31] *See Schaffer,* 2016 WL 9175874, at *2 (E.D. Tex. Feb. 2, 2016)

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    E-mail: mhord@hirschwest.com
    Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 28th day of February, 2022, a true and correct copy of the foregoing document was forwarded as follows:

James M. Sahadi
Sahadi Law
P.O. Box 720252
McAllen, Texas 78504
Tel: 956/287-3156
jms@sahadilaw.com
**Via ECF**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

12